UNITED STATES DISTRICT COURT
Southern District Court of New York

| | | |
|---|---|---|
| OWEN HARTY, Individually, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.   7:19-cv-9464 |
| | : | |
| ROEDEL PARTNERS OF MT. KISCO, LLC., | : | |
| and, ROEDEL PARTNERS OF MT. KISCO II, | : | |
| LLC, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, ROEDEL PARTNERS OF MT. KISCO, LLC and  ROEDEL PARTNERS OF MT. KISCO II, LLC, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff  is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair.

2.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3.        Defendant, ROEDEL PARTNERS OF MT. KISCO  LLC, is a foreign limited

liability company, authorized to conduct business in the State of New York, owns,

leases, leases to, or operates a place of public accommodation as defined by the ADA

and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place

of public accommodation that the Defendant owns, operates, leases or leases to is a

place of lodging known as Holiday Inn Mt. Kisco, 1 Holiday Inn Dr., Mount Kisco,

NY 10549, and is located in the County of Westchester, (hereinafter "Property").

4.        Defendant,  ROEDEL PARTNERS OF MT. KISCO, II, LLC, is a foreign limited

liability company, authorized to conduct business in the State of New York owns,

leases, leases to, or operates a place of public accommodation as defined by the ADA

and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place

of public accommodation that the Defendant owns, operates, leases or leases to is the

Property.

5.        Venue is properly located in the Southern District Court of New York  because

venue lies in the judicial district of the property situs.  The Defendant's property is

located in and does business within this judicial district.

6.        Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title

III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28

U.S.C. § 2201 and § 2202.

7.        As the owner, lessor, lessee, or operator of the subject premises, Defendant is

required to comply  with the ADA.  As such, Defendant is required to ensure that it's

place of lodging is in compliance with the standards applicable to places of public

accommodation, as set forth in the regulations promulgated by the Department Of

Justice. Said regulations are set forth in the Code Of Federal Regulations, the

Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the

2010 ADA Standards, incorporated by reference into the ADA.  These regulations

impose requirements pertaining to places of public accommodation, including places

of lodging, to ensure that they are accessible to disabled individuals.

8.          More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following

requirement:

> **Reservations made by places of lodging**. A public accommodation that owns,
> leases (or leases to), or operates a place of lodging shall, with respect to
> reservations made by any means, including by telephone, in-person, or through a
> third party -
>> (i) Modify its policies, practices, or procedures to ensure that individuals
>> with disabilities can make reservations for accessible guest rooms during
>> the same hours and in the same manner as individuals who do not need
>> accessible rooms;
>> (ii) Identify and describe accessible features in the hotels and guest rooms
>> offered through its reservations service in enough detail to reasonably
>> permit individuals with disabilities to assess independently whether a
>> given hotel or guest room meets his or her accessibility needs;
>> (iii) Ensure that accessible guest rooms are held for use by individuals
>> with disabilities until all other guest rooms of that type have been rented
>> and the accessible room requested is the only remaining room of that type;
>> (iv) Reserve, upon request, accessible guest rooms or specific types of
>> guest rooms and ensure that the guest rooms requested are blocked and
>> removed from all reservations systems; and
>> (v) Guarantee that the specific accessible guest room reserved through its
>> reservations service is held for the reserving customer, regardless of
>> whether a specific room is held in response to reservations made by
>> others.

9 .          These regulations became effective March 15, 2012.

10.        Defendant, either itself or by and through a third party, implemented, operates,

controls and or maintains a website for the Property which contains an online

reservations system. This website is located at: Hotels.com; expedia.com; and,

reservation.com. This term also includes all websites owned and operated by

Defendant or by third parties to book or reserve guest accommodations at the

hotel.  The purpose of this website is so that members of the public may reserve

guest accommodations and review information pertaining to the goods, services,

features, facilities, benefits, advantages, and accommodations of the Property.  As

such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

11.        Prior to the commencement of this lawsuit, Plaintiff visited the website for the

purpose of reviewing and assessing the accessible features at the Property and

ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and

his accessibility needs. However, Plaintiff was unable to do so because Defendant

failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e).

As a result, Plaintiff was deprived the same goods, services, features, facilities,

benefits, advantages, and accommodations of the Property available to the general

public.

12.        In the near future, Plaintiff intends to revisit Defendant's website and/or online

reservations system in order to test it for compliance with 28 C.F.R. Section

36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail

himself of the goods, services, features, facilities, benefits, advantages, and

accommodations of the Property.

13.     Plaintiff is continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless he is willing to suffer additional discrimination.

14.     The violations present at Defendant's website  infringe Plaintiff's right to travel free of discrimination and deprive his of the information required to make meaningful choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate a website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public.  By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

15.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

16.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to this website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

17.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

18.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA  as requested herein.

19.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.         Plaintiff is without adequate remedy at law and is suffering irreparable harm.

            Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

            fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §

            12205 and 28 CFR 36.505.

21.         Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

            Plaintiff Injunctive Relief, including an order to require the Defendant to alter the

            subject website to make it readily accessible and useable to the Plaintiff and all

            other persons with disabilities as defined by the ADAand 28 C.F.R. Section

            36.302(e); or by closing the website until such time as the Defendant cures its

            violations of the ADA.


**Count II - Damages Pursuant to NYSHRL**

22.         Plaintiff realleges the above paragraphs 1-17 as if set forth fully hereunder.

23.         The NYSHRL provides:

            (a) It shall be an unlawful discriminatory practice for any person, being
            the owner, lessee, proprietor, manager, superintendent, agent, or employee
            of any place of public accommodation... because of the... disability ... of
            any person, directly or indirectly, to refuse, withhold from or deny to such
            person any of the accommodations, advantages, facilities or privileges
            thereof ... to the effect that any of the accommodations, advantages,
            facilities and privileges of any such place shall be refused, withheld from
            or denied to any person on account of ... disability...
            NYS Exec. Law Section 296(2)(a).

24.         Under NYS Exec. Law Section 296(2)(c), discrimination includes:

            (i) a refusal to make reasonable modifications in policies, practices, or
            procedures, when such modifications are necessary to afford facilities,
            privileges, advantages or accommodations to individuals with disabilities,
            unless such person can demonstrate that making such modifications would

fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

(ii) a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden;

(iii) a refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable[.]

25.     Defendant's property is a place of public accommodation as defined by the NYSHRL.

26.      Defendant has violated the NYSHRL.

27.     As a result of Defendant's violation of the NYSHRL, Plaintiff suffered frustration, humiliation, embarrassment, segregation, exclusion, loss of the equality of opportunity, and has otherwise been damaged.

28.     Pursuant to NYS Exec. Law Section 297(9), Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

b.      Injunctive relief against the Defendant including an order to revise its website to

comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and

maintain the website to ensure that it remains in compliance with said requirement.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.      An award of damages in the amount of $1000.00 or in such amounts as the Court

deems just and proper.

e.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

        Respectfully Submitted,

Dated: New York, New York
        October 11, 2019

        Peter Sverd, Esq.
        of Counsel to Thomas B. Bacon, P.A.
        225 Broadway, Suite 613
        New York, New York 10007
        ph. (646) 751-8743
        psverd@sverdlawfirm.com

        By:___*Peter Sverd*_____
            Peter Sverd, Esq.(SDNY 0406)