## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY, Individually,

                      Plaintiff,

      v.

ROEDEL PARTNERS OF MT. KISCO, LLC, and ROEDEL
PARTNERS OF MT. KISCO II, LLC,

                    Defendants.

Case No.:  19-cv-09464 (KMK) (AEK)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**CUDDY & FEDER, LLP**
Kempshall C. McAndrew
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
914-761-1300

4612957.v1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ....................................................................................................2

    I.      DEFENDANTS' CROSS MOTION SHOULD BE GRANTED ..............2

          A.  Standard of Review....................................................................2
          B.  Plaintiff Lacks Standing.............................................................2
          C.  Plaintiff Failed to Name Necessary Parties ..........................7
          D.  Defendants Are Also Entitled to Summary Judgment
              on Plaintiff's State Law Claims .............................................8

    II.     PLAINTIFF'S MOTION SHOULD BE DENIED...................................10

          A.  Plaintiff's Failure to File a Rule 56.1 Statement, and
              Failure to Demonstrate There Are No Issues of Material Fact ............10
          B.  Accessibility Information Is Provided on the
              Third Party Website ................................................................15

    III.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO
           AMEND HIS COMPLAINT ..................................................................16

    IV.    CONCLUSION ........................................................................................17

4612957.v1

TABLE OF AUTHORITIES

## Cases

*Access 4 All, Inc. v. Thirty E. 30th St., LLC*
  2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006) ................................................... 4, 7

*Antwi v. Health & Human Sys. (Centers) F.E.G.S.,*
  No. 13 CIV. 835 (ER) (FM), 2014 WL 4548619 (S.D.N.Y. Sept. 15, 2014) .......... 11

*Brady v. Town of Colchester,*
  863 F.2d 205 (2d Cir. 1988) ................................................................................. 12

*Chertkova v. Connecticut Gen. Life Ins. Co.,*
  92 F.3d 81 (2d Cir. 1996) ..................................................................................... 12

*Crupar-Weinmann v. Paris Baguette Am., Inc.,*
  861 F.3d 76 (2d Cir. 2017) ...................................................................................... 3

*Cruper-Weinmann v. Paris Baguette Am., Inc.,*
  235 F. Supp. 3d 570 (S.D.N.Y.) ............................................................................... 3

*Giambattista v. Am. Airlines, Inc.,*
  584 F. App'x 23 (2d Cir. 2014) ............................................................................... 9

*Hartnett v. Fielding Graduate Institute,*
  400 F. Supp. 2d 570 (S.D.N.Y. 2005) ................................................................... 10

*Harty v. Greenwich Hosp. Grp., LLC,*
  536 F. App'x 154, (Mem)–155 (2d Cir. 2013) ................................................... 3, 13

*Harty v. Nyack Motor Hotel Inc.,*
  No. 19-CV-1322 (KMK), 2020 WL 1140783 (S.D.N.Y. Mar. 9, 2020) ....... 9, 14, 15

*Harty v. Simon Prop. Grp., L.P.,*
  428 F. App'x 69 (2d Cir. 2011) .......................................................................... 3, 6, 7

*Harty v. W. Point Realty, Inc.,*
  No. 19 CV 8800 (VB), 2020 WL 4570595 (S.D.N.Y. Aug. 7, 2020) ....................... 5

*Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City,*
  2019 WL 4894501 (D.N.J. 2019) ............................................................................ 4

*Hernandez v. Montego Bay Resort and Conference Center,*
  No. CV 19-06091 (D.N.J. 2019) .............................................................................. 4

ii

*Jeffreys v. City of New York,*
    426 F.3d 549 (2d Cir. 2005)..................................................................... 12

*KBM World Wide, Inc. v. Hangover Joe's Holding Corp.,*
    No. CV157254SJFGRB, 2017 WL 685606 (E.D.N.Y. Feb. 1, 2017)..................................... 11

*Kelen v. Nordstrom, Inc.,*
    259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016) ...................................................... 3

*Mahon v. Ticor Title Ins. Co.,*
    683 F.3d 59 (2d Cir. 2012).................................................................... 3

*Marcus v. AT&T Corp.,*
    138 F.3d 46 (2d Cir. 1998).................................................................... 9

*Martinez v. Pao's Cleaning, Inc.,*
    No. 16CV6939SJFAKT, 2018 WL 6303829 (E.D.N.Y. Dec. 3, 2018) ................................ 12

*MSF Holding Ltd. v. Fiduciary Trust Co. Int'l,*
    435 F. Supp. 2d 285 (S.D.N.Y. 2006).......................................................... 11

*Nat'l Cong. for Puerto Rican Rights v. City of New York,*
    75 F. Supp. 2d 154 (S.D.N.Y.)................................................................ 2

*Rodal v. Anesthesia Grp. Of Onondaga, P.C.,*
    369 F.3d 113 (2d Cir. 2004)................................................................... 9

*Romanello v. Shiseido Cosmetics Am.,*
    No. 00 Civ. 7201, 2002 WL 31190169 (S.D.N.Y. Sept. 30, 2002)............................... 9

*Ross v. AXA Equitable Life Ins. Co.,*
    115 F. Supp. 3d 424 (S.D.N.Y. 2015).......................................................... 2

*Ross v. Bank of Am., N.A. (USA),*
    524 F.3d 217 (2d Cir.2008)................................................................... 2

*Spokeo, Inc. v. Robins,*
    136 S. Ct. at 1549) ......................................................................... 3

*Spring Valley Marketplace LLC,*
    2017 WL 108062 ............................................................................. 10

*Suares v. Cityscape Tours, Inc.,*
    603 Fed.Appx. 16 (2d Cir. 2015).............................................................. 11

4612957.v1

*Thomas v. Grunberg 77 LLC*,
   No. 15-CV-1925, 2017 WL 3263141 (S.D.N.Y. July 28, 2017) ................................................ 9

*Torres v. City of New York*,
   248 F. Supp. 2d 333 (S.D.N.Y. 2003) ........................................................................................ 9

**<u>Statutes</u>**

28 C.F.R. § 36.302(e)(1) .................................................................................................................... 4, 5

28 C.F.R. §36.302(e)(l) ......................................................................................................................... 3

Defendants Roedel Partners of Mt. Kisco, LLC and Roedel Partners of Mt. Kisco II, LLC (collectively, "Roedel" or "Defendants"), submit this Memorandum of Law in support of their cross-motion for summary judgment (the "Cross-Motion") against Plaintiff Owen Harty ("Plaintiff") and in opposition to Plaintiff's motion for summary judgment (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff is a self-described "tester" of websites for compliance with the Americans with Disabilities Act (the "ADA"). In two nearly identical cases to the one at bar (of the dozens he has filed within only the past year), courts in this district—including this Court—dismissed Plaintiff's boilerplate suits.  These Courts found that, *inter alia*, Plaintiff's complaint in one such action failed to describe with any particularity any of the accessibility issues related to the subject websites, or how or why these third-party websites were inaccessible to Plaintiff, or how the defendants in that case were liable for the actions of third-party websites, and (ii) that Plaintiff's alleged role as a "tester" was insufficient to adequately allege a real threat of future injury, and accordingly Plaintiff lacked standing.

Plaintiff's bare bones Complaint in this suit suffers from the same deficiencies, and his lack of standing is just as apparent here. The case should be dismissed.

Plaintiff is a serial litigator. He files lawsuits against hotels around the country, in each case alleging that he visited websites connected to a hotel or other place of lodging, and that he found them noncompliant with the ADA. His Complaint here uses the same template. Plaintiff alleges that in his role as an ADA tester he visited third-party party websites (the "Third Party Websites") which provide the ability to book rooms at hotels owned and operated by Defendants, and found said websites non-ADA compliant.

1

But this case is nothing more than another poorly thought-out shake down. Not only does Plaintiff lack standing and his Complaint fail to state a claim, but the websites in question—run by third parties who the Plaintiff has failed to name, another fatal flaw—do contain information about ADA accessible accommodations. Plaintiff's claims are legally deficient and factually rebutted. The case should be dismissed.

## ARGUMENT

### I.

### DEFENDANTS' CROSS MOTION SHOULD BE GRANTED

#### A.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

#### B.    Plaintiff Lacks Standing

It is beyond cavil that "[s]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit." *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 431 (S.D.N.Y. 2015), aff'd, 680 F. App'x 41 (2d Cir. 2017) *citing Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir.2008) (internal quotation marks omitted). To have standing, a plaintiff must demonstrate that "(1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." *Nat'l Cong. for Puerto Rican Rights v. City of New York,* 75 F. Supp. 2d 154, 159–60 (S.D.N.Y.), on reconsideration in part, 191 F.R.D. 52 (S.D.N.Y. 1999) (*citations omitted*). An "injury" for standing purposes, "[M]ust be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Cruper-Weinmann v. Paris Baguette Am., Inc*., 235 F. Supp. 3d 570, 573

4612957.v1

(S.D.N.Y.) (citations omitted), aff'd sub nom. *Crupar-Weinmann v. Paris Baguette Am., Inc*., 861 F.3d 76 (2d Cir. 2017). Moreover, "A concrete injury must be de facto, which means it must actually exist, and it must be real rather than abstract." *Id.* (citations and quotations omitted).

"'If [a] plaintiff[ ] lack[s] Article III standing, a court has no subject matter jurisdiction to hear [his or her] claim," (*Mahon v. Ticor Title Ins. Co*., 683 F.3d 59, 62 (2d Cir. 2012) (quotation omitted)) requiring that it be dismissed.   "A 'bare' statutory violation is insufficient to confer constitutional standing absent some 'concrete' harm." Id. (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1549). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Kelen v. Nordstrom, Inc.,* 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1549). Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1549.

"Moreover, a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." *Harty v. Simon Prop. Grp., L.P.,* 428 F. App'x 69, 71 (2d Cir. 2011) (summary order).   As the Second Circuit held in another of Plaintiff's many lawsuits, "In the ADA context, we have previously found standing where a plaintiff (1) alleges past injury under the ADA, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Harty v. Greenwich Hosp. Grp.,* LLC, 536 F. App'x 154, (Mem)–155 (2d Cir. 2013) (citations omitted).

For these reasons, three Third Circuit Courts have recently dismissed complaints alleging violations of 28 C.F.R. §36.302(e)(l) where the plaintiff did not allege that he was actually harmed. In *Hernandez v. Caesars License Co., LLC*, 2019 WL 4894501, at *3 (D.N.J. 2019), the Third

Circuit determined that the plaintiff, a "tester" who filed his lawsuit to "determine whether the [defendant's'] websites are in compliance with the ADA's requirement under 28 C.F.R. § 36.302(e)(1)," lacked subject-matter jurisdiction to reach the merits of the dispute in light of the plaintiff's failure to show he suffered a concrete injury-in-fact. Later in the *Hernandez v. Caesars* matter, the Court granted a motion to dismiss where plaintiff's complaint did not allege he contemplated patronizing defendant's hotel when he accessed their websites, and plead that he was solely motivated to test website compliance with ADA regulations (in other words, plaintiff was a self-styled "tester," as Harty claims he is in this case and many others). In *Hernandez v. Montego Bay Resort and Conference Center,* No. CV 19-06091 (D.N.J. 2019), this same "tester" plaintiff voluntarily dismissed his own complaint, with prejudice, after the Court raised the same issue of plaintiff's Article III standing, *sua sponte*, via order to show cause.

In *Access 4 All, Inc. v. Thirty E. 30th St., LLC* 2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006), a resident of New York sued the owners of a hotel because it was allegedly inaccessible in violation of Title III.  The Court found that the plaintiff failed to establish the requisite "reasonable inference" of an intent to return (even when considering plaintiff's affidavit in opposition regarding his intent to return). The court also considered the following factors as part of its standing analysis:

> • that plaintiff "[did] not suggest that he ever previously stayed at the Hotel, patronized the restaurant there, used any of the Hotel's facilities for any reason, or stayed at any other hotel affiliated with the Hotel or under common management," id. at *27;
>
> • that plaintiff "provided no indication of any specific plans or events that would lead him back to the Hotel, id. at *28;
>
> • that plaintiff "presented no evidence as to why, should he need to stay at a New York City hotel, he would choose the particular hotel at issue in this case, over any of the numerous other hotels available to him," id.;

4

• that plaintiff "offered no explanation here as to why Defendant's Hotel was particularly well-appointed, well-located, or otherwise desirable or convenient for him," id. at *29; and,

• that plaintiff's "generalized assertions as to his intention to return to the Hotel in order to enjoy its facilities and services are rendered less plausible by the simple fact that he has served as a named plaintiff in so many similar ADA cases" id. at *33.

Similarly, in *Harty v. W. Point Realty, Inc.,* No. 19 CV 8800 (VB), 2020 WL 4570595, at *4 (S.D.N.Y. Aug. 7, 2020), the Southern District, likely faced with the same allegations Plaintiff included in his current Complaint (Doc 35-2, Ex. 1 to the accompanying McAndrew Declaration), held that Harty lacked standing for two reasons:

> First, plaintiff's claim that he intends to visit the website "in the near future," and thus will again be harmed by defendants' alleged failure to comply with 28 C.F.R. § 36.302(e)(1), is vague and conclusory. The complaint's allegations, taken as true, suggest only that plaintiff intends to return to the online reservation systems to test for statutory violations of the ADA vis-à-vis 28 C.F.R. § 36.302(e)(1). This is because plaintiff claims in conclusory fashion that he might return to the websites to book lodging, and fails to allege factual allegations upon which the Court can reasonably infer plaintiff intends to return to the websites to book a room or utilize defendant's services—facts that would support an inference of a particularized and concrete injury, and real threat of future harm. What remains are plaintiff's allegations that he plans to visit websites, to test those websites for ADA compliance, and that defendant's alleged violations of the ADA's regulatory framework vis-à-vis those websites will cause him injury. As noted above, allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." Plaintiff's allegations are just that.

> Second, the complaint's allegations do not "show [plaintiff's] plausible intention or desire to return [to the websites] but for the [alleged] barriers to access." Here, plaintiff affirmatively alleges his intent to return to the subject websites—to test for compliance with the ADA—despite alleged barriers to access. In other words, plaintiff intends to revisit the subject websites to test for ADA compliance but fails to set forth any allegations suggesting his ability to do so is somehow impeded by defendant's conduct or failure to comply with the ADA and its accompanying regulations. For this additional reason, plaintiff fails to demonstrate standing to seek injunctive relief.[1]

---

[1] This discussion in *Harty v. W. Point* renders Plaintiff's arguments regarding discrimination via a website vs. discrimination at a brick and mortar place of accommodation moot (see Plaintiff's

4612957.v1

(citations omitted).

As to the Court's first point regarding standing, in his Complaint, Plaintiff claimed that "it would be a futile gesture to revisit the website as long as those violations [of the ADA] exist unless he is willing to suffer additional discrimination" (Doc. 35-2 at ¶ 13). (notably, though Plaintiff claims there were three Third Party Websites he visited which were non-ADA compliant, he continually refers to a single "website" in his papers).

In the Complaint, Plaintiff made no mention of his intent to visit the hotel whatsoever, and contradicted himself by stating that (i) he intended to revisit "the website and/or online reservations system" to test it for compliance with the ADA "[i]n the near future," then stating (ii) that revisiting the Third Party Websites would be futile (Doc. 35-2 at ¶¶ 12 – 13). Now, Plaintiff claims he is "deterred from returning to the website because it would be a futile gesture to do so unless I am willing to suffer further discrimination" (the "Rule 28 U.S.C. Statement," Doc. 36 at ¶ 3) (he does not state which of the Third Party Websites he means), then confusingly goes on to contradict himself[2] by alleging:

> Despite the above, I plan to again review the website in the near future.  I will be in my own home when I do so.  My reasons for returning to the site are to monitor its ADA conditions and to ascertain whether it is compliant. I also need to review the website in comparing hotels for the purpose of

Memorandum of Law, Doc. No. 37) – even if ADA-based claims can be brought with respect to websites, Plaintiff has failed to show a plausible intent to return to the Third Party Websites, or how his ability to do so is somehow impeded by those websites' failure to comply with the ADA.
[2] Plaintiff has continually shifted his strategy in this case (possibly in response to the negative decisions referenced above).  Plaintiff only now claims that he is interested in the amenities, and not the rooms per se, at Defendants' hotel (see e.g. Doc. 36 at ¶ 5) (since it was demonstrated via the screenshots of the Third Party Websites that there is ADA-complaint information on said websites, see Exhibit 4 to the McAndrew Declaration). Yet in his Complaint he never suggested that he planned to visit Defendants' physical accommodations or use its amenities whatsoever, and for that reason much of the discovery Plaintiff sought concerning the details of these physical accommodations was denied (see Exhibits 3 and 9 to the McAndrew Declaration).

4612957.v1

deciding where I am going to stay when I return to the area as soon as the crisis is over."

(Doc. 36 at ¶ 7).  In his Rule 28 U.S.C. Statement, Plaintiff conspicuously does not say that he has ever been to Defendants' hotel, that he plans to visit Defendants' hotel specifically when he travels to "the area,", or what, specifically, would lead him to stay at Defendants' hotel as opposed to at one of the many other places of accommodation in the area he has sued.

This mass of contradictions, aside from guaranteeing that Plaintiff should not be awarded summary judgment herein (he raises numerous material factual issues in the above-referenced paragraph alone, see Point II of this Memorandum), is clearly tailored to deal with the holdings cited above.  Plaintiff is attempting to show a concrete injury and an intent to return, in hopes of proving that he has standing.  Yet, per the factual determinations in *Access 4 All* and the other cases cited *supra* (including *Harty v. W. Point,* involving Plaintiff himself), these allegations fail to support a plausible, reasonable inference of an intent to return to either the website or Defendants' hotel at any definite time, and fail to provide anything but the most conclusory allegations that Plaintiff has suffered a concrete injury.

Accordingly, because Plaintiff lacks standing, Defendants are entitled to summary judgment as a matter of law.

C.      **Plaintiff Failed to Name Necessary Parties**

Defendants are also entitled to summary judgment because Plaintiff failed to name necessary parties to this action.

Here, both parties agree that Defendants do not exert any control over the information that appears on the Third Party Websites, and that this control lies with the Third Party Websites themselves (reservations.com, expedia.com, or hotels.com) or with IHG/Holiday Inn ("IHG") (see

the Notice to Admit, Doc. 35-9, Doc. 35-6 at pg. 7 – 8).  Nor has Plaintiff joined Roedel Companies

LLC ("Roedel LLC"), the parent corporation of Defendants (see the Casey Aff. at ¶ 1).

     Pursuant to Rule 19(a)(1)(A) and (B), a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

     Because Plaintiff seeks, *inter alia*, injunctive relief, specifically seeking an "order to

require the Defendant to alter the subject website to make it readily accessible and usable to the

Plaintiff and all other persons with disabilities" (Doc 35-2 at ¶ 21) and for a policy to be

implemented "to monitor and maintain the website to ensure that it remains in compliance with

said requirement (Id. at p. 9), this relief would necessarily (i) require the presence of the

owners/operators of the Third Party Websites, and, possibly, IHG and Roedel LLC to accord the

complete relief Plaintiff seeks, and (ii) a decision by this Court in Plaintiff's favor without the

joinder of the Third Party Websites' owners/operators, IHG and Roedel LLC would impair those

absent parties' interests.

     Accordingly, Defendants should also be awarded summary judgment, as a matter of law,

on the alternative ground that Plaintiff has failed to join necessary parties to this action.

     **D.**    **Defendants Are Also Entitled to Summary Judgment
on Plaintiff's State Law Claims**

     While Plaintiff makes no mention in its Motion of its claims in Count II of its Complaint

pursuant to New York Human Rights Law (Doc. 35-2 at pg. 7 -8), a grant of summary judgment

in Defendants' favor would require dismissal of those claims as well.  As the Court held in *Harty v. Nyack Motor Hotel Inc.*, No. 19-CV-1322 (KMK), 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020), since the federal causes of action (pursuant to the ADA) were dismissed, the Court would therefore decline "to exercise any supplemental jurisdiction over the NYSHRL claim. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (citations omitted)); *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925, 2017 WL 3263141, at *1 (S.D.N.Y. July 28, 2017) (dismissing state claims where the federal claims had been mooted); *Torres v. City of New York*, 248 F. Supp. 2d 333, 334 (S.D.N.Y. 2003) ("Where the basis for pendent jurisdiction is dismissed, ordinarily so should the state law claims be dismissed." (citations omitted)).  *Harty v. Nyack Motor Hotel Inc.,* 2020 WL 1140783, at *5.

Here, as in that case, Plaintiff's defeat on its federal causes of action under the ADA should result in the Court's declining to exercise supplemental jurisdiction of the state law claims in Count II of Plaintiff's Complaint.

Additionally, New York state disability discrimination claims are governed by the same legal standards as federal ADA claims.  *Rodal v. Anesthesia Grp. Of Onondaga, P.C.,* 369 F.3d 113, 117 n.1 (2d Cir. 2004); see also *Giambattista v. Am. Airlines, Inc.,* 584 F. App'x 23, 26 (2d Cir. 2014); *Romanello v. Shiseido Cosmetics Am.,* No. 00 Civ. 7201, 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002).  As a result, claims made regarding the accessibility of places of public accommodation under the NYSHRL are interpreted using the same standards as those made under Title III.  See *Hartnett v. Fielding Graduate Institute,* 400 F. Supp. 2d 570, 581 (S.D.N.Y. 2005), *aff'd in part and rev'd in part*, 198 F. App'x 89 (2d Cir. 2006) ("Claims for disability discrimination arising under the [NYSHRL] . . . are governed by the same legal

standards as federal ADA claims") (internal citations omitted); see also *Spring Valley Marketplace LLC,* 2017 WL 108062, at *6 ("[T]he Second Circuit has observed that a disability-discrimination claim under the NYSHRL survives or fails on the same basis as [the parallel] ADA claim.")  (internal citations and quotations omitted).  Therefore, because Plaintiff has failed to state a claim for relief under the ADA, he has also failed to state a claim under the NYSHRL.

## II.

## **PLAINTIFF'S MOTION SHOULD BE DENIED**

Due to Plaintiff's lack of standing and failure to join necessary parties, Defendants should be granted summary judgment as a matter of law, and therefore Plaintiff's Motion for summary judgment should be denied without the necessity for a review of the merits of said motion.

Even if this Court rules in Plaintiff's favor on the issues of standing and failure to join necessary parties, Plaintiff fails to meet the standard for a grant of summary judgment.  If the Court were to reach the issue of whether or not Defendants could be deemed noncompliant with the ADA for not providing information concerning the accessibility of amenities at the subject property to Third Party Websites (Plaintiff has failed to advance any convincing argument or case law in support of that proposition), Plaintiff has failed to demonstrate that there are no genuine issues of material fact in dispute herein.  Instead, he has failed to include a Rule 56.1 Statement, and without that roadmap in place, he instead offers wildly inconsistent factual allegations to attempt to escape from the above-referenced decisions.

**A.**     **Plaintiff's Failure to File a Rule 56.1 Statement, and Failure to Demonstrate There Are No Issues of Material Fact**

Plaintiff failed to include a Rule 56.1 Statement of Material Facts in support of his Motion.  Per Rule 56.1(a):

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

As the Court held in *KBM World Wide, Inc. v. Hangover Joe's Holding Corp.,* No. CV157254SJFGRB, 2017 WL 685606, at *3 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom. KBM Worldwide, Inc. v. Hangover Joe's Holding Corp.,* No. 15CV7254SJFGRB, 2017 WL 680418 (E.D.N.Y. Feb. 21, 2017), this requirement is strict, and the party's failure to submit a Rule 56.1 statement resulted in denial of the party's motion for summary judgment. *KBM, supra, citing Suares v. Cityscape Tours, Inc.,* 603 Fed.Appx. 16, 17 (2d Cir. 2015) (affirming district court's denial of summary judgment motion based upon movant's filing of a 56.1 statement without adequate citation); *Antwi v. Health & Human Sys. (Centers) F.E.G.S.,* No. 13 CIV. 835 (ER) (FM), 2014 WL 4548619, at *4 (S.D.N.Y. Sept. 15, 2014) ("The failure to file a Rule 56.1 Statement is, on its own, grounds for denial of a motion for summary judgment"); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l,* 435 F. Supp. 2d 285, 304–05 (S.D.N.Y. 2006) (denying summary judgment motion where movant failed to submit required 56.1 statement).

Moreover, it is well-settled that a party may only be granted summary judgment "when the movant carries its burden of demonstrating there is no genuine issue of material fact for trial, and that it is entitled to judgment as a matter of law." *Chertkova v. Connecticut Gen. Life Ins. Co.,* 92 F.3d 81, 86 (2d Cir. 1996) (citations omitted); Fed.R.Civ.P. 56(c).

On a motion for summary judgment, all inferences must be drawn, and all ambiguities resolved, in favor of the non-movant, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party. *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d

4612957.v1

Cir. 1988); *Martinez v. Pao's Cleaning, Inc.,* No. 16CV6939SJFAKT, 2018 WL 6303829, at *2 (E.D.N.Y. Dec. 3, 2018); *Chertkova, supra*.  Inconsistencies between, e.g., deposition testimony and affidavits submitted in support of summary judgment, and other ambiguities in a party's self-serving claims, can lead to a decision that summary judgment should not be granted.  See *Martinez, supra*.

Here, summary judgment should be denied solely on the basis of Plaintiff's failure to provide a Rule 56.1 statement, as his allegations in support of summary judgment are largely dependent not only on numerous facts for which Plaintiff expects the Court to take his word, but also which have been alleged for the first time in support of his Motion, which are wholly conclusory, and which Defendants clearly dispute.

In the absence of a Rule 56.1 Statement, the "facts" which support Plaintiff's allegations, aside from Defendants' deposition transcripts, the Notice to Admit, and images of the Third Party Websites, are his Complaint and his Rule 28 U.S.C. Statement (see Exhibits, 1, 4, 5, 6 and 8 to the McAndrew Declaration).  The facts contained therein manage to be simultaneously contradictory and conclusory.[3]

From the third paragraph of his Rule 28 U.S.C. Statement alone (Doc. 36 at ¶ 3), the following facts are offered without any proof, and each of these "facts" is disputed by Defendant:

- Plaintiff's prior residence in Nyack, New York;

- the existence of Plaintiff's family "in the area;"

- the number and frequency of Plaintiff's prior visits to "the area;"

---

[3] Assuming Plaintiff plans to rely on the Complaint and the Rule 28 U.S.C. Statement to defeat the Cross-Motion, this will fail – parties "may not rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005).

- Plaintiff's plan to visit "the area as soon as the Covid crisis is over;" and

- Plaintiff's need to stay in a hotel when he visits the area, despite having family members who allegedly live here.

As discussed *supra*, in his Complaint, Plaintiff made no mention of any of these plans to visit Mount Kisco, his family in the area, etc. Nor can Plaintiff plausibly explain how he plans to stay in all of the hotels he sues – for example, Plaintiff has commenced eleven lawsuits in the Southern District alone since 2019, seeking identical relief against hotels and other accommodations in Nyack, Beacon Falls, West Point, Tarrytown, and White Plains (see Exhibit 10 the McAndrew Declaration). In *Harty v. Greenwich Hosp. Grp.*, LLC, 536 F. App'x 154, 155 (2d Cir. 2013), Plaintiff even claimed that he stayed in Stamford, Connecticut to visit his family in Nyack, New York. As the Court noted:

> Despite dozens of trips to Nyack over the last thirty years, however, Harty specifies only a single occasion on which he stayed overnight in Stamford— namely, the occasion giving rise to his complaint. While he asserts that he frequently visits Connecticut as part of his travels to Nyack, moreover, Harty's complaint does not evidence any concrete plan to stay overnight in Stamford in the future.

These allegations about staying in many hotels "in the area" are clearly designed to avoid a decision that Harty lacks standing to pursue his ADA-based claims. In the instant matter, there is certainly a material issue of fact as to whether or not Plaintiff actually intends to visit Mount Kisco (which is not much closer to Nyack, New York than Stamford, Connecticut, and which is farther from Nyack than White Plains, for example). Yet Plaintiff's plan to stay in many hotels raises a clear issue of fact here – does Plaintiff ever actually intend to stay in Mount Kisco?

The answer would appear to be no, as Plaintiff intends to stay in many places that are closer to his supposed destination - he even sued a hotel in Nyack, where his family allegedly lives. Granting Plaintiff summary judgment would not only require overlooking these numerous

13

factual issues, but would also involve multiple logical leaps on the part of the Court.  As the

Court held in *Harty v. Nyack Motor Hotel Inc*., No. 2020 WL 1140783, at *4:

> "even if Plaintiff's purported injuries stem from legally cognizable rights,
> Plaintiff fails to sufficiently articulate how Defendant allegedly trampled
> on those rights. Making all the cognitive leaps that Plaintiff wishes the
> Court to make—i.e….that Defendant may be held liable for the online
> presence of a hotel operated by its Tenant, that the Court may consider
> allegations about the accessibility of third party websites that provide
> online reservation functionality for the new hotel, and that Defendant may
> be held liable for the actions of those third-party websites—the Complaint
> still fails, as it does not provide particularized allegations as to how any
> website at issue fails to meet any accessibility requirements."

Also, because his Complaint focused only on his role as a "tester" and his belief that

returning to the Third Party Websites was futile, he did not mention at any point therein that it

was the online description of the amenities at Defendants' property that were not ADA

compliant, and that he intended to use either the rooms at Defendants' hotel or those amenities

(see the screenshots produced by Defendants at Exhibit 4 to the McAndrew Declaration, the

rooms do have ADA-compliant descriptions).

Another allegation which appears to have no basis is the repeated phrase in Plaintiff's

Memorandum of Law (Doc. 37 at, e.g., p. 1) that Defendant "failed to provide Mr. Harty with the

capability to reserve an accessible hotel room with the same efficiency, immediacy, and

convenience as those who do not need accessible guest room."  Yet Mr. Harty never alleges that

there is any issue with the "efficiency, immediacy or convenience" of the Third Party websites at

issue in either the Complaint or his Rule 28 U.S.C. Statement.  This appears to be another

attempt to belatedly conform Mr. Harty's allegations to the law to bolster his claims.  Because

this allegation appears only in a memorandum of law, it cannot form the basis for summary

judgment in Plaintiff's favor.

All of Mr. Harty's lawsuits seem to suffer from the same issue of lack of particularity.  In both *Harty v. Nyack* and in this matter, Mr. Harty's Complaint failed to describe any of the issues related to the subject websites with particularity, how or why these Third Party Websites were inaccessible to Plaintiff, how Defendants are liable for the actions of the Third Party Websites owners/operators, or his interest in the facilities at the subject places of accommodation.  Mr. Harty's attempts to fill in that information via his recent Rule 28 U.S.C. Statement are conclusory and unconvincing.  Here, Harty is asking the Court to make cognitive leaps – most significantly from the threadbare contents of his Complaint to the new allegations in his Rule 28 U.S.C. Statement.

Plaintiff cannot be granted summary judgment on the basis of his many conclusory, inconsistent, and ambiguous allegations.  These ambiguities should, instead, be resolved in Defendant's favor, and the doubts that his inconsistencies should be resolved against him.

**B.      Accessibility Information Is Provided on the Third Party Websites**

Though Plaintiff's Motion should not be granted for any number of the foregoing reasons, an additional reason for it to be denied is that the Third Party Websites clearly do provide ADA-compliant information regarding the rooms at the Hotel (though Defendants do not, again, control the contents of those Third Party Websites, see the Casey Aff. at ¶ 5). Defendants provide information on room accessibility to IHG, which then provides that information to others, including the Third Party Websites.  Casey Aff. at ¶ 5.

Evidence that this information is passed along is readily apparent in the screenshots from the Third Party Websites Defendants produced in discovery, as the majority of those websites list compliant features of rooms at Defendants' hotel (Ex. 4 to the McAndrew Declaration).  Based on the foregoing, and contrary to Plaintiff's assertion (see e.g. Plaintiff's Memorandum of Law

at p. 11), Defendants have not "contracted away" their responsibility under the ADA to provide accessibility information – they have upheld said obligations.  If any or all of these Third Party Websites have failed to incorporate that information in their online descriptions of Defendants' facilities, this would lead to the conclusion that those Third Party Websites need to be joined as necessary parties, and that issues of fact as to the transmission of that information bars summary judgment in Plaintiff's favor.

**III.**
**PLAINTIFF SHOULD NOT BE**
**GRANTED LEAVE TO AMEND HIS COMPLAINT**

Plaintiff should not be granted the alternative relief of amending his Complaint.  Nearly a year into the action, after discovery is complete, and after the Motion and Plaintiff's attempt to flesh out his bare-bones Complaint with the new (but still deficient) allegations in his Rule 28 U.S.C. Statement, it would be completely wasteful to allow Plaintiff to cast about for new facts to attempt and avoid dismissal of his claims.

16

## IV.

## <u>CONCLUSION</u>

In conclusion, Plaintiff's Motion for summary judgment should be denied, Defendants'

Cross-Motion for summary judgment should granted, and the Complaint herein should be

dismissed.

Dated:          White Plains, New York
                October 21, 2020

                                    **CUDDY & FEDER LLP**
                                    *Attorneys for Defendants*
                                    445 Hamilton Avenue, 14th Floor
                                    White Plains, New York 10601
                                    (914) 761-1300


                            By: <u>/s/ *Kempshall* C. *McAndrew*</u>
                                    Kempshall C. McAndrew

17

4612957.v1